■ CARL G. CIARAVINO, Plaintiff, v MOISE E. BRODY et al., Defendants. (Action No. 1.) MONIA COMICE, Appellant, v JEAN COMICE et al., Respondents, et al., Defendants. (Action No. 2.) [25 NYS3d 367]—

In two related actions to recover damages for personal

injuries which were joined for trial, Monia Comice, the plaintiff in action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated September 23, 2014, as, upon granting that branch of the motion of Carl G. Ciaravino, a defendant in action No. 2 and the plaintiff in action No. 1, and that branch of the separate motion of Jeetendra Sawh and Vault, defendants in action No. 2, which were for summary judgment dismissing the complaint in action No. 2 insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, in effect, searched the record and awarded summary judgment dismissing the complaint in action No. 2 insofar as asserted against the defendants Jean Comice and Moise E. Brody.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

The plaintiff in action No. 2, Monia Comice (hereinafter the plaintiff), was a passenger in a vehicle involved in a three-vehicle accident that occurred on the Staten Island Expressway. She commenced this action against the owners and operators of the vehicles involved in the accident. Carl G. Ciaravino, a defendant in action No. 2 and the plaintiff in action No. 1, moved, and Jeetendra Sawh and Vault, defendants in action No. 2, separately moved, inter alia, for summary judgment dismissing the complaint in action No. 2 insofar as asserted against each of them on the ground, among others, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court granted those branches of the separate motions, finding, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Based on this finding, the court, in effect, searched the record and awarded summary judgment to Jean Comice and Moise E. Brody, defendants in both actions (hereinafter together the nonmoving defendants), dismissing the complaint in action No. 2 insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The plaintiff appeals from so much of the order as, in effect, searched the record and awarded summary judgment to the nonmoving defendants.

In opposition to the prima facie showing of the moving defendants that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of

the subject accident, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and as to whether these alleged injuries, as well as the alleged injury to her left knee, were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should not have searched the record and awarded the nonmoving defendants summary judgment dismissing the complaint in action No. 2 insofar as asserted against them. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.